[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS AND ORDERS RE DISSOLUTION
Defendant has been a resident of the State of Connecticut for more than one year before the bringing of this action. The court has jurisdiction. The essential allegations of the complaint have been proven.
The parties were married on September 1, 1985 in Middletown, Connecticut. Defendant's maiden name was Kathleen Stebbins; at the time of this marriage her name was Kathleen McDonald.
There have been two children born to the marriage:
 Meghan, born August 6, 1986 Joshua, born April 23, 1990
The primary cause of the breakdown of the marriage was the plaintiff's conduct. Although there is evidence that defendant is now "together" with another person, there is no evidence that relationship caused or contributed to the breakdown.
Plaintiff left the marital home in mid-December 2000 but returned for four weeks beginning in mid-February 2001. Since that time the parties have been separated.
Determination of plaintiff's income has been problematic.
Until January 2001, plaintiff worked in construction for Bechtel Corporation; he grossed $773.77 per week with a net of $528.60. [106] This is a convincing indication of his earning capacity. His reasons for his quitting that job are not credible. His quitting coincided with the collapse of the marriage and the problems associated with this dissolution action.
Plaintiff is now working in a nursing home as a porter. He earns $7 an hour. The court finds that plaintiff has an earning capacity far higher CT Page 15952 than his present income. Plaintiff had "worked in construction; he voluntarily quit that job at the time this case was getting underway. The court does not find his stated reasons for quitting that employment credible. The court finds that he has an earning capacity of $773.77 per week as he originally represented to this court in January 2001. His net weekly wage for the purpose of child support is $528.
No evidence of defendant's present earnings was presented to the court. But she, in the past, worked as a school bus driver, a job she quit because of her claimed depression. It appears she can resume that work and earn at least $265.65 per week, the amount she reported she earned in January 2001. For child support purposes, her net weekly earnings is $230.
The combined net weekly income of the parties is $760. The basic child support obligation is $261. Plaintiff's portion is 69% or $180.
The judgment shall enter and shall contain the following orders:
1. Dissolution. Judgment shall enter dissolving the marriage of the parties on the grounds of irretrievable breakdown.
2. Custody. The parties shall share joint custody of their children, Meghan, born August 7, 1986, and Joshua, born April 23, 1990. Primary residence of the children will be with the defendant mother.
3. Visitation. Plaintiff father will have reasonable rights of visitation which at a minimum shall be every other weekend beginning Friday at 5:00 p. m. to Sunday at 1:00 p. m. Plaintiff shall be responsible for the transportation incident to the visitation.
4. Child Support. Plaintiff shall pay defendant $180 per week for child support.
Plaintiff shall provide health insurance for the, children as if such insurance is available through his employment. If plaintiff fails to obtain and maintain such medical insurance for the children which is available through his employment, he shall be solely responsible for the amount of medical expenses which would have been paid by such insurance and shall indemnify and hold defendant harmless to such extent.
Unreimbursed medical expenses for the children shall be shared in accordance with the child support guidelines; plaintiff — 46%., defendant — 54 %. CT Page 15953
5. Alimony. Plaintiff shall pay defendant alimony in the amount of $1 per year. Beginning in September 2004, plaintiff shall pay defendant alimony in the amount of $50 per week. Beginning in May 2008, plaintiff shall pay defendant alimony in the amount of $100 per week until the end of the year 2013.
6. Arrearages. The plaintiff is in arrears on alimony and child support per orders entered by this court on January 2, 2001. As of July 26, 2002, per agreement of the parties, the amount of the arrearage was $6,809.37; there was no breakdown as what portion was alimony and what portion was child support.
Plaintiff also owes and is in arrears to the State of Connecticut in the amount of $3,276.
Plaintiff shall pay $36 per week towards the arrearage.
The arrearage found above is as of July 26, 2002. An application may be made to the court for an updated determination of the arrearage.
7. Property. The parties marital home, 25 Fisher Road, Middletown, had been owned by them jointly. Several years ago, plaintiff quitclaimed his interest to defendant. Defendant shall own such property free and clear of any claims of plaintiff.
8. Mortgage Debts. On January 2, 2001, the parties agreed, and the court ordered that —
 "Plaintiff shall be responsible for the Citi Financial and CHIP mortgage payments and hold the defendant harmless therefore. Defendant shall be responsible for the GMAC mortgage payments and hold the plaintiff harmless therefore."
The quoted provisions are made a part of the judgment. The evidence is to the effect that plaintiff has not made the payments on the two mortgages for which he was responsible and defendant is facing foreclosure. It is ordered that plaintiff indemnify and hold defendant harmless for any and all losses suffered by defendant arising from plaintiff's not paying these mortgage obligations.
 ___________________ Parker, J.
CT Page 15954